CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@cwlawlv.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone:  (702) 382-5222
Facsimile:  (702) 382-0540

FROST BROWN TODD, LLC
PETER M. CUMMINS, ESQ. (*admitted pro hac vice*)
Pcummins@fbtlaw.com
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
Telephone:  (502) 589-5800
Facsimile:  (502) 581-1087

*Attorneys for Defendants*
*Lightyear Network Solutions, Inc., LY Holdings LLC,*
*Chris Sullivan, W. Brent Rice, Sherman*
*Henderson and Rick Hughes*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD KAPLAN, EDWARD FEIGHAN, JEFF WEINTRAUB, JIM LEES, JERRY HICKSON, WILL ALCORN, DAVID PERLMUTTER, and SCOTT DUNLAP<br><br>Plaintiff,<br>v.<br><br>LIGHTYEAR NETWORK SOLUTIONS, INC., LY HOLDINGS LLC, CHRIS T. SULLIVAN, W. BRENT RICE, SHERMAN HENDERSON, and RICK HUGHES,<br><br>Defendants. | Civil Action No. 2:14-cv-02120-JAD-PAL<br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

WHEREAS Plaintiffs and Defendants recognize that certain information related to the subject matter of this action is sensitive and confidential, the Parties stipulate and agree to the following Protective Order:

This Protective Order does not and will not govern any trial proceedings in this action but is instead entered solely for the purpose of facilitating the exchange of documents and information

among the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial.  Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law.

**Definitions.**

1. "Material" shall mean all documents, materials, testimony, items, and/or other information regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or discovery either by a party or by a non-party.  The protections conferred by this Protective Order cover not only Material designated as "Confidential" as described below but also any Material copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony or presentations by parties or counsel that might reveal Confidential Material.

2. "Receiving Party" shall mean a party that receives Material from a Producing Party.

3. "Producing Party" shall mean a party or non-party that produces Material in this Action.

**Designation of Materials.**

4. Any party or non-party may designate as "Confidential" any Material that such party or non-party in good faith believes contains non-public information, including any copy or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, quote, or contain Confidential Information.  Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Indiscriminate designations are prohibited.

5. Any party or non-party may designate as "Highly Confidential" any Material that such party or non-party in good faith believes contains any proprietary information, trade secrets,

or other highly sensitive commercial or competitive information whose disclosure would raise a material risk of (i) present or future competitive or commercial injury to the designating party, or (ii) present or future competitive or commercial advantage to the receiving party or non-parties. Highly Confidential Material shall include any copy or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, quote, or contain Highly Confidential Material.

6. A Producing Party may designate Material it produced as Confidential or Highly Confidential by notation on the document on each page that contains Confidential or Highly Confidential Material. If only a portion or portions of the Material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

7. A Receiving Party or non-party may designate Material produced by another party or non-party as Confidential or Highly Confidential by written notice to all parties and/or the producing non-party of such designation. After any such designation, such Material shall be fully subject to this Protective Order and treated thereafter according to the terms of this Protective Order as Confidential or Highly Confidential Material.

8. A party or third party may designate information disclosed during a deposition as Confidential or Highly Confidential by so indicating on the record at the deposition. A party or third party may also designate such information as Confidential or Highly Confidential in writing, within thirty (30) days of the receipt of the transcript ("the designation period"), that specific pages of the transcript be treated as Confidential or Highly Confidential.

Until the designation period has elapsed for a given deposition transcript, all information contained or incorporated in that transcript shall be treated as Highly Confidential information.

When information contained or incorporated in a deposition transcript is designated as Confidential or Highly Confidential, the party making the designation shall make arrangements with the court reporter to label the relevant pages Confidential or Highly Confidential.

9. The inadvertent failure to designate Material as Confidential or Highly Confidential shall not be deemed, by itself, to be a waiver of the right to so designate the Material and may be remedied by supplemental written notice within a reasonable time after such failure to designate is

known. If such notice is given, all Material so designated shall be fully subject to this Protective Order as if it had been initially designated as Confidential or Highly Confidential. After any designation is made in accordance with this paragraph, counsel for all parties shall be responsible for marking all previously unmarked copies of the designated Material within their possession or control as Confidential. Disclosure of Material to any other person prior to a later designation of the Material as Confidential or Highly Confidential in accordance with this Section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, counsel for the parties and/or non-parties shall upon discovery of the inadvertent disclosure cooperate to restore the confidentiality of the Material that was inadvertently disclosed.

**Access to Protected Materials.**

10. Material designated as Confidential shall not be furnished, shown, or disclosed to any person or entity except to:

   a. A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in this action;
   b. Counsel for a party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel);
   c. Court personnel, stenographic reporters, and litigation support vendors engaged in activities incidental to discovery or preparation for trial;
   d. Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided that such an expert or consultant is not a current employee of a direct competitor of any party named in this action;
   e. Trial and deposition witnesses;
   f. Any other person as to whom the parties in writing agree or that the Court in these proceedings designate.

11. Material designated as Highly Confidential shall not be furnished, shown, or

disclosed to any person or entity except to:

    a. Counsel for a party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel);

    b. Court personnel, stenographic reporters, and litigation support vendors engaged in activities incidental to discovery or preparation for trial;

    c. Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided that such an expert or consultant is not a current employee of a direct competitor of any party named in this action;

    d. Trial and deposition witnesses;

    e. Any other person as to whom the parties in writing agree or that the Court in these proceedings designate.

12. Each person described in Paragraphs 10(d), 10(e), 10(f), 11(c), 11(d) or 11(e) above to whom Confidential or Highly Confidential Materials is furnished, shown, or disclosed shall be required to execute a copy of the "Acknowledgement" attached as Exhibit A. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential of Highly Confidential Materials. No party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential or Highly Confidential Materials shall seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Confidential or Highly Confidential Materials may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the parties while this action is pending and disclosed to the other parties upon good cause shown and upon order of the Court.

13. All persons described in Paragraphs 10 and 11 shall be bound by the terms of this

Protective Order, and shall not permit disclosure of the Confidential Material afforded protection, other than pursuant to this Protective Order. All persons to whom Confidential Material is disclosed are hereby enjoined from disclosing same to any other person except as provided in this Protective Order, and are further enjoined from using same except in the preparation for and trial of this Action.

**Use of Confidential Information.**

14.　All pages or parts of court papers, discovery responses, production documents or things, or deposition transcripts filed with the Court in this Action which have been designated as containing Confidential or Highly Confidential Material, or any court papers purporting to reproduce or paraphrase such Confidential or Highly Confidential Material, shall comply with the provisions of Local Rule 10-5.

15.　If any Material designated to be Confidential or Highly Confidential pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such Confidential or Highly Confidential Material shall be sealed and stamped as described herein, and access thereto shall be limited pursuant to the other terms of this Protective Order.

16.　The designation of any Material as Confidential or Highly Confidential under this Protective Order may be challenged by any other party by first writing a letter to the attorney of record of the party who designated such Material as Confidential or Highly Confidential within thirty (30) days of the date such Material was designated, specifically identifying the Material so challenged. The parties shall then attempt in good faith to resolve any disputes regarding the designated Material. If the parties are unable to resolve their dispute, following a good faith effort to do so, the challenging party may then move for a Court order vacating the designation within ten (10) business days from the date of the unsuccessful meet and confer session.  This Protective Order will not affect the burden of proof on any such motion, or impose any burdens upon any party that would not exist had the Protective Order not been entered; as a general matter, the burden shall be on the person making the designation to establish the propriety of the designation. Any contested Material shall be treated as Confidential or Highly Confidential until such time as

1  the challenger's motion has been ruled upon.

**Other Provisions.**

17.     A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular testimony, document, or other Material provided or produced by any other party or non-party is or is not (a) confidential or (b) privileged.  The inadvertent production or disclosure of any documents or other Material protected by the attorney-client privilege, the attorney work product doctrine, a joint defense privilege, or any other applicable privilege shall not constitute, or be considered as a factor suggesting, a waiver of or estoppel as to any claim of privilege, protection or immunity as to the specific Material disclosed or any other Material relating thereto or on the same or related subject matter.

Consistent with Federal Rule of Civil Procedure 26(b)(5)(B), in the event of inadvertent production or disclosure of any Material that the Producing Party believes is subject to a claim of privilege or protection, the Producing Party may provide written notice that privileged or protected Material has been inadvertently produced or disclosed.  Within five (5) business days of receipt of such notice, any individual or entity that has received such privileged Material shall destroy or return to the Producing Party all such privileged or protected Material and all copies thereof, including any other document or Materials solely derived from the inadvertently produced or disclosed Material, in its possession, custody or control and shall certify in writing that it has done so.  The parties recognize that this protection may be stricter than that provided for under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).  After the inadvertently produced Material is destroyed or returned pursuant to this Section, a party may move the Court for an order compelling production of the inadvertently produced Material, but said party may not assert as a ground for compelling production the fact or circumstance that the inadvertently produced Material had already been produced.

18.     If a party is served with a subpoena or an order issued in other proceedings that would compel disclosure of any Material designated as Confidential or Highly Confidential by any other party or non-party in this Action, the Receiving Party must so notify the designating party or non-party in writing immediately and no later than seven (7) days prior to the date upon which

disclosure is required. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the party who designated the Material as Confidential or Highly Confidential in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The party who designated the Material as Confidential or Highly Confidential shall bear the burdens and the expenses of seeking protection in that court of its confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

19. Nothing in this Protective Order shall preclude any party from seeking judicial relief, upon proper notice, with regard to any provision hereof.

20. Nothing in this Protective Order shall bar or otherwise restrict any counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of Confidential or Highly Confidential Materials, provided that in rendering such advice and in otherwise communicating with his or her client, the counsel shall not disclose the content or the source of any Confidential or Highly Confidential information contrary to the terms of this Protective Order. Nothing in this Protective Order shall govern or restrict a Producing Party's use of its own Confidential or Highly Confidential Materials in any way.

21. This Protective Order may be signed in counterparts, and a facsimile or "PDF" signature shall have the same force and effect as an original ink signature.

22. Within ninety (90) calendar days after the later of the final disposition of this action, all Confidential and/or Highly Confidential information produced by an opposing party or non-party (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the parties to whom the Confidential and/or Highly

Confidential information was produced and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential and/or Highly Confidential information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential and/or Highly Confidential information, but only to the extent necessary to preserve a litigation file with respect to this action.

23. The provisions of this Protective Order shall, absent further order of the Court, continue to be binding throughout and after the conclusion of this Action.

24. This Protective Order shall be effective upon execution, and the parties agree to comply with and abide by its terms prior to the Court's approval.

25. The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a) Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

(b) Were obtained without any benefit or use of Confidential or Highly Confidential Material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(c) Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential or Highly Confidential Material;

(d) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

1  Under law, have been declared to be in the public domain.

2  **IT IS SO AGREED AND STIPULATED:**

3

4  ALDRICH LAW FIRM, LTD.                    CAMPBELL & WILLIAMS

5  By  /s/ Richard A. Roth                   By: /s/ J. Colby Williams
      John P. Aldrich, Esq. (No. 6877)           Donald J. Campbell (No. 1216)
6     1601 South Rainbow Blvd., Suite 160        J. Colby Williams (No. 5549)
      Las Vegas, Nevada 89146                    700 South 7th Street
7                                                Las Vegas, Nevada 89101

8  THE ROTH LAW FIRM, PLLC
   RICHARD A. ROTH, ESQ. (*PRO HAC VICE*)     FROST BROWN TODD, LLC
9  295 Madison Avenue, 22nd Floor             Peter M. Cummins, Esq. (*pro hac vice*)
   New York, NY 10017                         400 West Market Street, 32nd Floor
10                                            Louisville, Kentucky 40202-3363
   *Attorneys for Plaintiffs*
11                                            *Attorneys for Defendants*

12

13

14                                            IT IS SO ORDERED:

15

16                                            _____
                                              UNITED STATES DISTRICT
17                                            [MAGISTRATE] JUDGE

18                                            DATED: February 25, 2016

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the Protective Order Regarding Confidential Information ("the Protective Order") entered in *Kaplan, et al., v. Lightyear Network Solutions, Inc., et al.,* Case No. 2:14-cv-02120-JAD-PAL on February ___, 2016, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court for the District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" and/or "Highly Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" and/or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____, _____.

```
                              _____
                                        (Signature)


                              _____
                                       (Printed Name)
```